**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| CHADWICK MARVIN THOMPSON, | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 5:20-CV-00046-RWS |
| v. | § § | |
| WARDEN FCI TEXARKANA, | § § | |
| Defendant. | § § § | |

## **ORDER**

Chadwick Martin Thompson, an inmate confined within the Bureau of Prisons, petitioned for a writ of habeas corpus under 28 U.S.C. § 2241. Docket No. 1. The Court referred this matter to Magistrate Judge Craven who recommended the petition be dismissed. Docket No. 4 at 3. Petitioner objected. Docket No. 6. The Court reviews the objected-to portions of the Report *de novo*. FED. R. CIV. P. 72(b).

In connection with a conviction for conspiring to distribute and to possess with the intent to distribute methamphetamine, Petitioner was found to be a career offender pursuant to § 4B1.1 of the United States Sentencing Guidelines. This increased his offense level for sentencing purposes. In making this determination, the sentencing court relied, in part, on Petitioner's prior conviction for unlawful possession of a machine gun. Petitioner asserts that based on recent decisions from the Supreme Court, he should no longer be considered a career offender because his prior unlawful possession conviction no longer qualifies as a "crime of violence" under

§ 4B1.1.[1] The Magistrate Judge concluded that Petitioner is contesting the sentence he received for his conviction, rather than his conviction itself, and so his ground for review is not cognizable in a petition filed under 28 U.S.C. § 2241. Docket No. 3 at 3.

In his objections Petitioner continues to maintain that under current law his earlier possession conviction no longer qualifies as a crime of violence under § 4B1.1 and that, as a result, he is entitled to be resentenced under 28 U.S.C. § 2241. Docket No. 6 at 1–2.

But § 2241 is not a proper avenue for Petitioner's challenge. That Section "is used to attack the manner in which a sentence is executed." *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). In contrast, § 2255 is "the primary means of collaterally attacking a federal sentence." *Id*. "A § 2241 petition which attacks errors that occur at trial or sentencing is properly construed under § 2255." *Id*. (citing *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1131–32 (5th Cir. 1987)). A prisoner may utilize § 2241 to challenge a federal criminal conviction only "if his case falls within § 2255's 'savings clause,' i.e., that 'the remedy by [§ 2255] is ineffective or inadequate to test the legality of his detention.' " *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000).

The § 2255 remedy is ineffective or inadequate only in narrow circumstances. Specifically, the Fifth Circuit has held that the remedy provided for in § 2255 is ineffective or inadequate only where the prisoner asserts a ground for review that: (1) is based on a Supreme Court decision that applies retroactively on collateral review and establishes he may have been convicted of a nonexistent offense and (2) was foreclosed by applicable circuit law at the time it could have been asserted at trial, on direct appeal or in a first motion to vacate filed pursuant to § 2255. *Reyes-Requena v. United States*, 243 F.3d 893, 894 (5th Cir. 2001).

---

[1] Section 4B1.1 provides that a defendant is considered a career offender if the current conviction is either a crime of violence or a controlled substance offense and he has at least two prior felony convictions for either a crime of violence or a controlled substance offense.

*Kinder v. Purdy*, 222 F.3d. 209 (5th Cir. 2000), controls here. In *Kinder*, the petitioner, like the Petitioner here, sought relief under § 2241 based on the argument that due to intervening case law, a prior conviction no longer qualified as a conviction that could be used to enhance his sentence. The Fifth Circuit rejected this argument, concluding such a claim did not provide a basis for relief under § 2241. *Kinder*, 222 F.3d at 213. Similarly, in a recent unpublished decision, the Fifth Circuit stated that it has repeatedly held that challenges to the validity of a sentencing enhancement may not be asserted in a § 2241 petition. *Medlock v. Johnson*, 802 F. App'x 160, 161 (5th Cir. 2020). Any relief Petitioner seeks regarding a sentencing issue must be pursued by filing a motion to vacate, set aside or correct sentence pursuant to § 2255.

Having made a *de novo* review of the written objections filed by Petitioner in response to the Report, the Court concludes that the findings and conclusions of the Magistrate Judge are correct.

For the reasons set forth above, Petitioner's objections (Docket No. 6) are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the Court **ADOPTS** the Report (Docket No. 4) as the opinion of the Court. It is further

**ORDERED** that this petition for writ of habeas corpus is **DISMISSED**.

A final judgment shall be rendered in accordance with the Magistrate Judge's recommendation.

**SIGNED this 26th day of August, 2020.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE